**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00871-CMA-KLM

**BRYCE ABBINK,** individually and on behalf of all others similarly situated,

       Plaintiff,

v.

**GOOD CHEMISTRY I, LLC**, a Colorado limited liability company,

       Defendant.

---

### ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

---

Defendant, Good Chemistry I, LLC ("**Good Chemistry**" or "**Defendant**"), by and through its undersigned counsel, submit their Answer and Affirmative Defenses to the Class Action Complaint and Jury Demand filed by Plaintiff, Bryce Abbink ("**Plaintiff**"), March 12, 2020, at Dkt. No. 1 (the "**Complaint**"). Unless expressly admitted, Defendant denies each and every allegation set forth in the Complaint.

Good Chemistry hereby answers Plaintiff by responding to the numbered paragraphs set forth in the operative complaint as follows:

    1.    **Plaintiff Bryce Abbink ("Abbink" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Good Chemistry I, LLC ("Good Chemistry" or "Defendant") to stop its practice of placing unsolicited telemarketing text message calls to cellular telephone users nationwide without obtaining prior express written consent, and to obtain redress for all persons similarly injured by its**

1

conduct. **Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.**

ANSWER: Regarding the allegations in Paragraph 1, Defendant denies that it has any liability to Plaintiff or any putative class member under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "**TCPA**") and all other factual allegations in this Paragraph.

2.      **The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies, such as Defendant, from placing text message calls using an automatic telephone dialing system ("ATDS") to cellular telephones without first obtaining prior express written consent. In this case, Good Chemistry has violated, and continues to violate, the TCPA and its regulations by placing SMS messages to cellular phone subscribers who have not provided prior express written consent to receive such text messages**.

ANSWER: Paragraph 2 states legal conclusions to which no response is required. Answering further, Defendant denies that it has any liability to Plaintiff or to any putative class member under the TCPA.

## PARTIES

3.      **Plaintiff Bryce Abbink is a natural person and a resident of Denver, Denver County, Colorado**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3.

4.      **Defendant Good Chemistry I, LLC is a limited liability company organized and existing under the laws of the State of Colorado with a principal place of business located at 1550 Larimer St., Suite 296, Denver, CO 80202. Defendant conducts business throughout the United States, the State of Colorado, and this District**.

ANSWER: Defendant admits that it is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business located at 1550 Larimer St., Suite 296, Denver, CO 80202. Defendant denies that it conducts business throughout the United States, the State of Colorado, or this District.

## JURISDICTION AND VENUE

5.      **This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply**.

ANSWER: Paragraph 5 states legal conclusions to which no response is required. Answering further, Defendant denies that it has any liability to Plaintiff or to any putative class member under the TCPA and that this action satisfies the requirements of the Class Action Fairness Act, 28 U.S.C. § 1332.

3

6.     **This Court has personal jurisdiction over Defendant because Defendant resides in this District, conducts a significant amount of business in this District, directed the text messages at issue to Plaintiff who is located in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District**.

ANSWER: Paragraph 6 states legal conclusions to which no response is required. Answering further, Defendant admits that it resides in the District, but denies all other factual allegations in Paragraph 6.

7.     **Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant resides in this District, conducts a significant amount of business within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District**.

ANSWER: Paragraph 7 states legal conclusions to which no response is required. Answering further, Defendant admits that it resides in the District, but denies all other factual allegations in Paragraph 7.

## COMMON FACTUAL ALLEGATIONS

8.     **Good Chemistry operates marijuana dispensaries in Colorado, Massachusetts, and Nevada. Good Chemistry claims to be a leading provider of Cannabis products and related services**.

ANSWER: Denied.

9. **In an effort to boost Good Chemistry's business and drive sales, Defendant utilized bulk text messaging to reach consumers**.

ANSWER: Denied.

10. **The text messages were for telemarketing purposes and offered, advertised, and announced the availability of Good Chemistry's goods or services**.

ANSWER:  Denied.

11. **Bulk text messaging, or SMS messaging, has emerged as a direct method of communicating with consumers. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11.

12. **When an SMS message call is successfully made, the recipient's cell phone rings or vibrates, alerting him or her that a call is being received. As cellular telephones are mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide and instantaneously**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12.

13. **In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention**).

ANSWER: Denied.

14. **Unfortunately for consumers, Good Chemistry fails to obtain consumers' prior express written consent to place the text messages as required by the TCPA**.

ANSWER: Denied.

15. **The text messages were made by or on behalf of Defendant, with Defendant's knowledge and approval. Defendant has knowingly received the benefit of the calls and has ratified the making of the calls**.

ANSWER: Denied.

16.     **At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing text messages are being made to consumers' cellular telephones through its own efforts and through the efforts of its agents**.

ANSWER: Denied.

17.     **Defendant knowingly made (and continues to make) unsolicited telemarketing text messages without the prior express written consent of the recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA**.

ANSWER: Denied.

## FACTS SPECIFIC TO PLAINTIFF ABBINK

18.     **Plaintiff is the owner and customary user of the cellular telephone number ending in 1945**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18.

19.     **Plaintiff participates in Good Chemistry's Loyalty Program. However, Plaintiff has never provided his prior express written consent to Good Chemistry to receive text messages soliciting him to purchase its products and services**.

ANSWER: Denied that Defendant has a "Loyalty Program." Defendant lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations of Paragraph 19.

20.     **On or around March 16, 2020, at 4:27 p.m., Plaintiff received an unsolicited text message to his cellular telephone from Good Chemistry from the telephone number (202) 8662757, which read, "Take advantage of online ordering at Good Chemistry for express, in-store pickup. Click the link below to start your order. Reply STOP WS54 to cancel https://ash3.co/gC4XbnZZkc08"**.

ANSWER: Denied that Defendant sent Plaintiff the referenced text message.

21.     **On March 18, 2020, at 11:09 a.m., Plaintiff received another unsolicited text message to his cellular telephone from Good Chemistry from the telephone number (202) 8662757, which read, "Personal reservations and online ordering are now available at Good Chemistry for express shopping at all locations. Click the link below to learn more. Reply STOP WS54 to cancel https://y6jk.co/gC6jkeMrth62"**.

ANSWER: Denied that Defendant sent Plaintiff the referenced text message.

22.     **Later, on March 18, 2020, at 5:33 p.m., Plaintiff received yet another unsolicited text message to his cellular telephone from Good Chemistry from the telephone number (202) 866-2757, which read, "Starting 3/19 updated Good Chemistry hours + other steps we are taking to provide you the fastest, easiest and healthiest access. Click the link below to learn more. Reply STOP WS54 to cancel https://y6jk.co/gC6yjoKWWnS9"**.

ANSWER: Denied that Defendant sent Plaintiff the referenced text message.

23.     **Plaintiff has never requested that Good Chemistry send text messages to him or offer him its services in any way**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23.

24. **Simply put, Plaintiff has never provided his prior express written consent to Good Chemistry to send text messages to him**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24.

25. **A screenshot of the March 16th and 18th text messages is reproduced below**:

ANSWER: Paragraph 25 contains a statement to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25.

26. **All of the text messages advertised the availability of Good Chemistry's products and services**.

ANSWER: Denied that Defendant sent any text messages.

27. **Moreover, all of the text messages were impersonal in nature, and, on information and belief, were sent *en masse* to hundreds if not thousands of consumers. This further demonstrates that the text messages were sent via an ATDS.**

ANSWER: Denied that Defendant sent any text messages.

28. **Further, on information and belief, Good Chemistry has sent additional text messages to Plaintiff prior to March 16th and March 18th text messages**.

ANSWER: Denied.

29.	**By sending unauthorized telemarketing text message calls as alleged herein, Good Chemistry has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy**.

ANSWER: Denied.

30.	**The texts disturbed and interfered with Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30.

31.	**In the present case, a consumer could be subjected to many unsolicited text messages, and continuous repeated invasions of privacy**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31.

32.	**To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals defined below, brings suit under the TCPA, which prohibits unsolicited voice and text calls to cellular telephones**.

ANSWER: Paragraph 32 contains a statement to which no response is required.

33.     **On behalf of the Class, Plaintiff seeks an injunction requiring Good Chemistry to cease all unauthorized text messaging activities and an award of statutory damages to the class members, together with costs, pre and post-judgment interest, and reasonable attorneys' fees**.

ANSWER: Paragraph 33 contains a statement to which no response is required.

## CLASS ALLEGATIONS

34.     **Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:**

> **No Consent Class: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one text message from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products or services; (5) using the same dialing system that was used to send the text messages to Plaintiff; and (6) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send text messages to Plaintiff.**

ANSWER: Paragraph 34 contains a statement to which no response is required.

35.     **The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys and Defendant's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against**

**Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery**.

ANSWER: Paragraph 35 contains a statement to which no response is required.

36.    **Numerosity**: **The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the defined Class. Class members can be identified by reviewing Defendant's call records**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 36 (which sentence also contains a legal conclusion requiring no response). Defendant denies the allegations in the second sentence of Paragraph 36.

37.    **Typicality: Plaintiff's claims are typical of the claims of the other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct. Defendant has no defenses unique to Plaintiff**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 37 (which sentence also contains a legal conclusion requiring no response). Defendant denies the allegations in the second sentence of Paragraph 37.

38. **Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class**.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38, which allegations also contain legal conclusions requiring no response. Moreover, Defendant lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations of Paragraph 38, and therefore denies the same.

39. **Commonality and Predominance: There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following**:

    a) **Whether Defendant's conduct violated the TCPA;**

    b) **Whether Defendant systematically sent unsolicited text messages to consumers absent prior express written consent;**

    c) **Whether Defendant sent the text messages using an automatic telephone dialing system;**

    d) **Whether Plaintiff and the class members are entitled to statutory damages; and**

e)   **Whether Plaintiff and the class members are entitled to treble damages based on the willfulness of Defendant's conduct.**

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39, which allegations also contain legal conclusions requiring no response. Moreover, Defendant lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations of Paragraph 39.

40.   **Superiority & Manageability: This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.**

ANSWER: Paragraph 40 contains multiple legal conclusions to which no response is required. Moreover, Defendant lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations of Paragraph 40.

41.     **Conduct Similar Towards All Class Members: By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).**

ANSWER: Denied.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, et seq.
### (On Behalf of Plaintiff and the No Consent Class)

42.     **Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.**

ANSWER: Paragraph 42 contains a statement to which no response is required.

43.     **Defendant failed to obtain any prior express written consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:**

a)  **By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and**

b) **The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services**.

ANSWER: Denied.

44.     **Further, Defendant and/or its agent transmitted unsolicited telemarketing text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.**

ANSWER: Denied.

45.     **The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.**

ANSWER: Denied.

46.     **These text messages were sent randomly and/or made *en masse* and without the prior express written consent of the Plaintiff and the other members of the No Consent Class to receive such wireless spam**.

ANSWER: Denied.

16

47.     **Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii)**.

ANSWER: Paragraph 47 states a legal conclusion to which no response is required. To the extent that a response is required, denied.

48.     **As a result of such conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act**.

ANSWER:  Paragraph 48 states a legal conclusion to which no response is required. To the extent that a response is required, denied.

49.     **In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class**.

ANSWER: Paragraph 49 states a legal conclusion to which no response is required.

50.     **Plaintiff is also entitled to injunctive relief and corresponding declaratory relief to ensure that the calls stop**.

ANSWER: Paragraph 50 states a legal conclusion to which no response is required.

All allegations not specifically admitted herein are denied.

## JURY DEMAND

No response is required to this Jury Demand.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Defendant asserts the following affirmative defenses.  Defendant reserves all rights to assert additional or amended defenses:

## FIRST AFFIRMATIVE DEFENSE – Good Faith

1.      Plaintiff's claims and those of the putative class are barred in whole or in part because any telephone calls, text messages, or other forms of communication sent by Defendant were done with a genuine Good Faith belief that the recipient of the alleged improper communications had previously requested and/or sufficiently consented to receiving such communications.

## SECOND AFFIRMATIVE DEFENSE – Constitutionality of Statutory Damages

2.      Any award of statutory damages awarded against Defendant under the TCPA would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE – Lack of Standing

3.      To the extent Plaintiff and members of the putative class have not paid money, lost title to goods of value, suffered any other concreted or particularized harm, or are not in the zone of interests protected by the TCPA as a result of the conduct alleged, Plaintiff and members of the putative class lack standing to bring this suit under Article III of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE – Claims Not Property Certifiable Under FRCP 23

4.      Plaintiff's claims cannot properly be certified under FRCP 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the

questions relating to the class, including, but not limited to: (a) whether each individual was allegedly contacted by or on behalf of Defendants; (b) whether each individual or an agent of that individual provided prior express consent and/or prior express written consent to receive the text messages and/or telephone calls at issue; (c) who was the owner or regular user of each telephone or cellular telephone number called at the time each call was placed; (d) whether and when Defendant had actual knowledge that a call or text did or did not reach their intended recipient or that a telephone or cellular telephone number had changed owner or regular user; and (e) whether each individual signed up with the National Do Not Call Registry.

5.       Additionally, class certification should be denied because the identity of members is not ascertainable; the members are not sufficiently numerous; there are insufficient common questions of law and fact pertaining to the whole of the putative class; the claims of the named Plaintiff, if meritorious, are not typical of the putative class; the claims of the named Plaintiff will not adequately protect the interests of the putative class; and a class action is not the appropriate or superior method for the fair and efficient adjudication of this controversy.

<u>**FIFTH AFFIRMATIVE DEFENSE –**</u>
<u>**Failure to State a Claim Upon Which Relief May Be Granted**</u>

6.       Plaintiff's claims and those of the putative class are barred in whole or in part for failure to state a claim upon which relief may be granted.

<u>**SIXTH AFFIRMATIVE DEFENSE – Failure to Mitigate**</u>

7.       Plaintiff's claims and those of the putative class are barred in whole or in part by their failure to mitigate damages.

<u>**SEVENTH AFFIRMATIVE DEFENSE – Statute of Limitations**</u>

8.      Plaintiff's claims and those of the putative class are barred in whole or in part by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE – In Pari Delicto

9.      Plaintiff's claims and those of the putative class are barred in whole or in part because their own actions or omissions were the sole, proximate, and legal cause of any injury, damage, or ascertainable loss as a result of any purported or alleged action by Defendant.

## NINTH AFFIRMATIVE DEFENSE – No Damage, Injury, or Ascertainable Loss

10.      Plaintiff's claims and those of the putative class are barred in whole or in part because they did not suffer any injury, damage, or ascertainable loss as a result of any purported or alleged action by Defendant.

## TENTH AFFIRMATIVE DEFENSE – Laches

11.      Plaintiff's claims and those of the putative class are barred in whole or in part because they have failed to act promptly in bringing forth the instant action.  Such delay have unfairly impaired Defendant's ability to defend against this action because witnesses or evidence needed to defend against Plaintiff's claims have become unavailable or lost.

## ELEVENTH AFFIRMATIVE DEFENSE – Unjust Enrichment

12.      Any recovery by Plaintiff or any member of the putative class would constitute unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE – Equitable Estoppel, Waiver and Ratification

13.     Plaintiff's claims and those of the putative class are barred in whole or in part under the doctrines of equitable estoppel, waiver and ratification.

**THIRTEENTH AFFIRMATIVE DEFENSE – Acts of Omissions of Others**

14.     Plaintiff's claims and those of the putative class are barred in whole or in part because any loss, damage, actual injury or detriment Plaintiff and/or the putative class alleges they suffered was proximately caused by the acts or omissions of persons other than Defendant over whom Defendant lacks control.  In the unlikely event the trier of fact finds that Defendant is liable to Plaintiff or the putative class for any loss, damage, actual injury or detriment, Defendant is entitled to and reserves the right to seek contribution or indemnity form those other persons in direct proportion to their respective fault.

**FOURTEENTH AFFIRMATIVE DEFENSE – Comparative Fault**

15.     Plaintiff's claims and those of the putative class are barred in whole or in part because their actions, if any, were solely or substantially caused by their own negligence or fault.

**FIFTEENTH AFFIRMATIVE DEFENSE – Violation of First Amendment**

16.     The TCPA, as applied in this action, violates the First Amendment to the United States Constitution.

**SIXTEENTH AFFIRMATIVE DEFENSE – Unclean Hands and Inducement**

17.     Plaintiff's actions constitute unclean hands and/or fraudulent or negligent inducement, and these claims and those of the putative class that is purported to be represented against Defendant are barred as such.

**SEVENTEENTH AFFIRMATIVE DEFENSE – No Statutory ATDS**

18.     Plaintiff's claims and those of the putative class are barred in whole or in part to the extent that any telephone calls, text messages or other forms of communications to which they complain resulted solely from human intervention and did not originate from an automatic telephone dialing system and/or do not constitute an artificial or prerecorded communication.

**EIGHTEENTH AFFIRMATIVE DEFENSE – Consent**

19.     Plaintiff and each member of the putative class gave their prior express consent and/or prior express written consent before they received any telephone calls, text messages or other forms of communication to which they complain and which form the subject matter of the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE – Emergency Exception**

20.     Plaintiff's claims and those of the putative class are barred in whole or in part because any telephone calls, text messages, or other forms of communication received by Plaintiff or the putative class were made for "emergency purposes," pursuant to 47 U.S.C. § 227(b)(1)(B).

**TWENTIETH AFFIRMATIVE DEFENSE – *De Minimis* Doctrine**

21.     Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

**TWENTY-FIRST AFFIRMATIVE DEFENSE – Legal Compliance**

22.     Plaintiff's claims are barred, in whole or in part, because Defendant has been in compliance with all statutes, regulations, and other laws in effect at the time of the conduct allegedly giving rise to Plaintiffs' claims.

**TWENTY-SECOND AFFIRMATIVE DEFENSE – Adequate Remedies at Law**

23.     Plaintiff and the putative class are not entitled to equitable relief because they have adequate remedies at law, and no threat of harm exists to support a grant of a temporary restraining order or injunctive relief

## ADDITIONAL AFFIRMATIVE DEFENSES

24.     Plaintiff's claims and those of the putative class are barred in whole or in part because Defendant did not willfully or knowingly violate the TCPA or any of its regulations.

25.     Plaintiff's claims and those of the putative class are barred in whole or in part because Defendants substantially complied with the TCPA and its regulations.

26.     To the extent that Plaintiff or the putative class may seek recovery of attorneys' fees in this action, such fees are not recoverable under the TCPA and its regulations.

27.     Plaintiff's claims and those of the putative class are barred in whole or in part by the terms and conditions and/or limitations of liability contained in any applicable agreements with Defendant or any agents of Defendant.

28.     Plaintiff's claims and those of the putative class are barred in whole or in part by the primary jurisdiction doctrine.

29.     Plaintiff's claims and those of the putative class are barred in whole or in part because they have failed to exhaust available administrative remedies.

30.     Plaintiff's claims and those of the putative class are barred in whole or in part to the extent that any telephone calls, text messages or other forms of communications to which they complain do not constitute advertising or marketing information and are thus exempt from the TCPA and/or not otherwise actionable under the TCPA.

31.     Plaintiff's claims and those of the putative class are barred in whole or in part to the extent that Defendant is in full or substantial compliance with the safe harbor provisions of the TCPA.

32.     Plaintiff's claims and those of the putative class are barred in whole or in part to the extent that any telephone calls, text messages or other forms of communications to which they complain did not originate from an automatic telephone dialing system (ATDS) and/or do not constitute an artificial or prerecorded communication.

33.     The Court lacks personal jurisdiction over Defendant as to any claims of non-Colorado-resident putative class members ("Nonresident Members") because there can be no adequate link between the State of Colorado and any Nonresident Member claims. The Court may not assert specific jurisdiction over Defendant with respect to any Nonresident Member claims. Therefore, the Court cannot certify a nationwide class.

## RESERVATION OF RIGHTS

34.     Defendant specifically reserves all separate or affirmative defenses that they may have against each putative class member — that is not possible at this time for Defendant to delineate all such defenses against the putative class members because no classes have been certified (if any can be, which Defendant denies), and the putative class members are not parties to this action.

35.     Defendant also expressly reserves and assert all affirmative defenses available under any applicable law.  Defendant reserves its right to supplement its Answer and to assert additional Affirmative Defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

## <u>DEFENDANT'S PRAYER FOR RELIEF</u>

WHEREFORE, Defendant respectfully pray for judgment as follows:

1.      That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

2.      That Plaintiff and any member of the putative class take nothing by the Complaint;

3.      That Defendant be awarded all costs and attorneys' fees to be assessed upon application as allowed by law; and

4.      That the Court grant Defendant any other and further relief that is just and equitable.

Dates this 12th day of June, 2020.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

_s/ Eric Job Seese_____
Eric Job Seese
jseese@hallestill.com
1600 Stout Street, Suite 1100
Denver, CO 80202
Telephone: 720.512.5820
Facsimile: 918.594.0505

Attorneys for Good Chemistry I, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00871-CMA-KLM

**BRYCE ABBINK,** individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**GOOD CHEMISTRY I, LLC**, a Colorado limited liability company,

        Defendant.

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that on June 12, 2020, I electronically filed the ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record for Plaintiff **Bryce Abbink**, individually and on behalf of a Class of similarly situated individuals:

        Steven L. Woodrow
        Patrick H. Peluso
        Taylor T. Smith
        Stephen A. Klein
        WOODROW & PELUSO, LLC
        3900 E. Mexico Avenue, Suite 300
        Denver, CO 80210

         _s/ Malia A. Heyd_____
         Malia A. Heyd