**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cv-00871-CMA-KLM

BRYCE ABBINK, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

GOOD CHEMISTRY I, LLC, a Colorado limited liability company,

        Defendant.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

Date of Conference: July 28, 2020; Appearances: Patrick Peluso of Woodrow & Peluso, LLC, for Plaintiff Abbink and the alleged Class; Eric Job Seese and John Richer of Hall Estill, PC, on behalf of Defendant.

**2. STATEMENT OF JURISDICTION**

This case is an alleged class action brought under the Telephone Consumer Protection Act, a federal statute. As such, the Plaintiff contends that the Court has original jurisdiction under 28 U.S.C. § 1331. Defendant reserves all objections to subject matter jurisdiction, including any objections to Article III standing. No issues exist as to personal jurisdiction or venue.

**3. STATEMENT OF CLAIMS AND DEFENSES**

a. Plaintiff(s): This case is brought under the Telephone Consumer Protection Act. Plaintiff alleges that Good Chemistry sent him and the other members of the alleged class telemarketing text messages without first securing prior express written consent. Plaintiff alleges that the messages were sent using an automatic telephone dialing system.

b. Defendant: Defendant denies all allegations by Plaintiff and asserts that it did not send the subject messages that Plaintiff claims it received, nor undertook the other conduct that Plaintiff alleges violated the Telephone Consumer Protection Act.

c. Other Parties: Not applicable at this time.

## 3. UNDISPUTED FACTS

The following facts are undisputed:

- Plaintiff received text messages from (202)866-2757 on March 16, 2020 and March 18, 2020.
- Plaintiff received three text messages in total.
- All three text messages were sent from the telephone number (202)866-2757.

## 4. COMPUTATION OF DAMAGES

Plaintiff(s), individually, and on behalf of the alleged Class, seeks (i) an award of the greater of actual or statutory damages under 47 U.S.C. § 227(b)(3)(B)-(C) to be paid into a common fund for the benefit of Plaintiff and the Class Members, (ii) an injunction under 47 U.S.C. § 227(b)(3)(A) requiring Defendant to cease all unauthorized telephone activities, (iii) an award of reasonable attorneys' fees and costs, and (iv) such other and further relief as the Court deems reasonable and just.

## 5. REPORT OF PRECONFERENCE DISCOVERY AND

## MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: July 15, 2020.

b. Date of Scheduling Conference: July 28, 2020.

c. Names of each participant and party he/she represented: Patrick Peluso of Woodrow & Peluso, LLC, for Plaintiff Abbink and the alleged Class; Eric Job Seese and John Richer of Hall Estill, PC, on behalf of Defendant.

d. Statement as to when Rule 26(a)(1) disclosures were made or will be made: August 10, 2020.

e. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): The Parties agreed to exchange Fed. R. Civ. P. 26(a)(1) disclosures on or before August 10, 2020.

f. Statement concerning any agreements to conduct informal discovery: The Parties commit to working cooperatively and sharing information on an informal basis where appropriate.

g. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The Parties commit to working cooperatively to reduce discovery and litigation costs where possible.

h. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: counsel for the Parties discussed the potential ESI implicated in this case. The Parties are committed to working together to reduce the costs of ESI.

   i. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The Parties are willing to engage in early settlement discussions.

## 6. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

## 7. DISCOVERY LIMITATIONS

   a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: No modifications

   b. Limitations which any party proposes on the length of depositions: Eight (8) hours.

   c. Limitations which any party proposes on the number of requests for production and/or requests for admission: The Parties wish for the Federal Rules to govern the number of requests for production and requests for admission.

   d. Other Planning or Discovery Orders:

**Defendant's Position:** Defendant intends to file a motion for summary judgment based on the fact that Defendant did not send, nor authorize or cause to be sent the subject text messages. Thus, Defendant proposes that discovery be bifurcated as follows: (1) Plaintiff may first undertake discovery to test Defendant's factual denials and (2) if and when Plaintiff can disprove Defendant's denials, then Plaintiff may commence merits discovery.

**Plaintiff's Position:** To be clear, the "summary judgment" issue Defendant raises exists because it claims Good Chemistry I, LLC is not the correct entity to be named as a Defendant in this

action and refuses to tell Plaintiff what it believes the correct entity should be. The text messages at issue clearly reference a marijuana business calling itself "Good Chemistry". On March 26, 2020, Defendant's counsel Eric Job Steese responded to a pre-suit demand letter sent by Plaintiff, which was addressed to Good Chemistry I, LLC, stating that he represented "Good Chemistry" and provided details such as "our client's records show that the above number is connected to a one Bryce Vincent Abbink. Our client's record further show that, on May 21, 2019, Mr. Abbink enrolled in Good Chemistry's Loyalty Program at its dispensary located at 1724 S Broadway, Denver, Colorado."

Thus, Plaintiff clearly has the right "people" even if Defendant claims he technically has named the wrong "entity"—there's no other way that this pre-suit investigation could have been conducted.[1] Rather than waste the Parties' and the Court's time with summary judgment briefing on this issue, if Defendant believes Plaintiff has named the wrong entity and the defendant in this case should technically be one of the other "Good Chemistry" entities Defendant should just inform Plaintiff what it believes the correct entity is and provide limited documentation to substantiate this claim. If a separate entity needs to be named, this issue can easily be corrected with an amended complaint and the Parties (and the Court) can spend their time and resources on the substantive issues at play.

---

[1] On the Colorado Secretary of State's website, there appears to be four "Good Chemistry" entities: (1) the Defendant in this action, Good Chemistry I, LLC; (2) Sweetwater Partners, LLC, which registered the trade name "Good Chemistry" in 2009; (3) MHFS, LLC, which registered the trade name "Good Chemistry" in 2017; and (4) GCIP, LLC, which has registered the trade names "Good Chemistry," "Good Chemistry Genetics," and "Good Chemistry Nurseries."

## 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: October 25, 2020.

b. Discovery Cut-Off: Plaintiff proposes that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months, until May 28, 2021. The first eight (8) months, through March 26, 2021, will be devoted to written and oral fact discovery. The final two (2) months will be devoted to experts. At the close of this ten (10) month period, the Parties would brief class certification. Plaintiff proposes (and Defendant does not object) that Plaintiff's Motion for Class Certification be due by June 18, 2021, Defendant's Response would be due by August 18, 2021, and Plaintiff's Reply would be due by September 18, 2021.  Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and trial.

c. Dispositive Motion Deadline: The Parties request that the dispositive motion date be set at the subsequent case management conference following a ruling on class certification.

d. Expert Witness Disclosure:

    i. The Parties shall identify anticipated fields of expert testimony, if any. Plaintiff anticipates the need for expert testimony regarding Good Chemistry's dialing system.

    ii. Defendant anticipates that, should the case proceed past Defendant's summary judgment motion, fields of expert testimony shall include those fields typically relevant in TCPA class litigation, including without

        limitation and with express reservations of rights to designate additional topics of expert testimony:

      a. Whether messages at issue were made using manual dialer (human intervention) or on a communication/contact system with current or potential autodialer capacity

      b. Identifying, quantifying, and qualifying the extent of human (agent) intervention in the making of telephone calls or the sending of texts.

      c. Called/receiving party consent analysis.

      d. Accuracy and utility of text log

      e. Class ascertainability

      f. Calculation of Plaintiff's alleged damages and penalties

      g. Additional topics to be identified as litigation proceeds

   iii. Limitations which the Parties propose on the use or number of expert witnesses. None. Defendant proposes a limit of three (3) testifying experts for each side.

   iv. Plaintiff shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 14, 2021. Defendant shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 28, 2021. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

   v. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or

before April 26, 2021. This include disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(iv), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.  Identification of Persons to Be Deposed

Plaintiff anticipates the need to conduct a Rule 30(b)(6) deposition, the deposition of any experts disclosed by Defendant, and the deposition of any third-party responsible for the sending the messages at issue or in procuring supposed prior express written consent. Plaintiff reserves the right to identify more individuals as discovery progresses.

All depositions must be completed on or before the discovery cut-off date and the parties must comply with the notice and scheduling requirements set forth in D.C.COLO.LCivR. 30.1.

f.  Deadline for Interrogatories: February 26, 2021.

g.  Deadline for Requests for Production of Documents and/or Admissions: February 26, 2021.

## 9. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times: _____.

b.   A final pretrial conference will be held in this case on_____, 2020, at _____.   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 10. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

b.   Anticipated length of trial and whether trial is to the court or jury: The Parties anticipate that a trial in this case would last 3-5 days.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 11. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that a change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 12. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this \_\_\_\_ day of \_\_\_\_\_, 2020.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Patrick H. Peluso* | */s/ Eric Job Seese* |
| Patrick H. Peluso | Eric Job Seese (#48379) |
| WOODROW & PELUSO, LLC | Hall, Estill, Hardwick, Gable, |
| 3900 E. Mexico Avenue, Suite 300 | Golden & Nelson, P.C. |
| Denver, CO 80120 | 1600 Stout Street, Suite 1100 |
| Tel: (720) 213-0676 | Denver, CO 80202 |
| Facsimile: (303) 927-0809 | Telephone: 720.512.5820 |
| ppeluso@woodrowpeluso.com | Facsimile: 918.594.0505 |
| | jseese@hallestill.com |
| | |
| | */s/ John T. Richer* |
| | John T. Richer, Oklahoma Bar No. 19554 |
| | Hall, Estill, Hardwick, Gable, |
| | Golden & Nelson, P.C. |
| | 320 South Boston Avenue, Suite 200 |
| | Tulsa, OK  74103-3706 |
| | Telephone (918) 594-0400 |
| | Facsimile (918) 594-0505 |
| | Email: jricher@hallestill.com |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2020, I served the above and foregoing papers by causing such paper to be filed with the Court using the Court's electronic filing system.

/s/ Patrick H. Peluso